## No. 8949.

### THE STATE OF LOUISIANA VS. F. HARTLEB.

A trial Judge is justified in refusing to give to the jury special charges which, although legal and pertinent, are amply covered by charges previously given.

It is unnecessary, in an indictment under Sec. 832, R. S., charging in the words of the Statute, that the accused has feloniously received the object which had been feloniously stolen, he well knowing that the same had been so feloniously stolen and taken, to charge specially that the offence was committed with intent to defraud the owner of the property, or some person, or for the purpose of felonious or wicked gain.

APPEAL from the Criminal District Court for the Parish of Orleans. *Roman,* J.

*J. C. Egan,* Attorney General, for the State, Appellee.

*R. S. Dennee* and *Wm. R. Whitaker* for Defendant and Appellant.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.    The defendant appeals from the verdict and judgment on an information for receiving stolen property.    He was sentenced to hard labor, for one year, in the State penitentiary.

The record contains a bill of exception, a motion in arrest of judgment, which was overruled, and a bill taken to the action of the court thereon.

I.

The first bill is to the refusal of the Judge to give certain charges to the jury, which it is unnecessary to repeat.

The District Judge declares that : " though the charges were good law, he had already, and repeatedly, charged the jury on the matters contained in the special charges requested, and that it was unnecessary to refer again to them."

The refusal is sufficiently justified.

We have several times held, that the trial Judge is not bound to give to the jury charges requested, however legal or pertinent they may be, where they are covered by charges previously given.

### II.

The motion in arrest is to the effect, that the information does not charge that the defendant received the diamond pin therein mentioned, with felonious intent, to defraud the true owner thereof, or any person, or that the defendant feloniously received said pin for the sake of felonions or wicked gain.

Section 832 R. S. provides: "Whoever shall receive, or buy any goods, or chattels that shall be feloniously taken or stolen from any other person, knowing the same to have been stolen, * * * shall restore the goods so received, or pay double the value thereof, and moreover suffer imprisonment at hard labor, not exceeding one year, and in default of making the restoration or payment aforesaid, shall suffer further imprisonment at hard labor for a period not exceeding one year."

The information charges that F. Hartleb, the defendant, feloniously did receive and have in his possession, one diamond cluster pin, of the value of $500, of the goods, chattels and property of one A. K. Brown, which had before then been feloniously stolen and taken from said A. K. Brown; he, the said F. Hartleb, then and there well knowing the said diamond cluster pin to have been so feloniously stolen and taken, contrary, etc., etc.

In the case of Moultrie, 34 An. 490, this Court said that: " criminal intent is of course of the essence of the crime, but the statute makes no formal requirements as to the mode of expressing the same. We think it is sufficiently expressed here by the charge, that it did feloniously receive and convert to his own use the property." See also State vs. Wolff, 34 An. 1153.

The defendant, in the present case, is distinctly charged, in conformity with the statute, with having feloniously received the diamond cluster pin, which had been feloniously stolen, he well knowing that the said pin had been feloniously stolen and taken.

It was unnecessary specially to charge that the offence was committed with intent to defraud the owner of the property or some person, or for the purpose of wicked gain.

The bill of exception taken to the ruling of the court on the motion in arrest, being on the same matter, has the same fate.

Judgment affirmed.